RECEIVED

MAY 1 9 2014

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT, LOUISIANA
BY: _____

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| BROADCAST MUSIC, ET AL | CIVIL ACTION NO: 13-1271 |
| VERSUS | JUDGE DONALD E. WALTER |
| CAMP LOUNGE LLC, ET AL | MAGISTRATE JUDGE HILL |

## MEMORANDUM RULING

Before the Court is Plaintiffs' Motion for Default Judgment against Defendants The Camp Lounge, LLC, Cory Bonin, and Douglas J. Gaspard filed pursuant to Federal Rule of Civil Procedure 55. [Doc. 11]. Plaintiffs seek an injunction, statutory damages, and attorney's fees and costs. After careful consideration of this motion, record, exhibits, and applicable law, Plaintiffs' motion is **GRANTED**.

### A. Background

On May 29, 2013, Plaintiffs filed this action against Defendants for copyright infringement under the Copyright Act. 17 U.S.C. § 101 *et seq*.[1] Plaintiffs allege ten claims of willful copyright infringement, based upon Defendants' unauthorized public performance of musical compositions. In brief, Plaintiffs seek an injunction, statutory damages, the costs of this action, and reasonable attorney's fees for copyright infringement. Defendants The Camp Lounge, LLC, Cory Bonin, and Douglas J. Gaspard, were served with a copy of the Summons and Complaint on July 3, 2013 in accordance with Federal Rule of Civil Procedure 4.[2]

---

[1] Doc. 1 (Complaint).

[2] Doc. 4.

In support of the instant motion, Plaintiffs previously filed a Motion for Entry of Default Judgment [Doc. 9], a memorandum in support [Doc. 9-1], and a proposed order [Doc. 9-4]. On November 5, 2013, the Clerk issued a Notice of Entry of Default. [Doc. 10]. Defendants have failed to plead, answer, or otherwise defend against Plaintiffs' Complaint and have not responded to the present motion.

**B. Legal Standard**

A party is entitled to entry of a default by the clerk of the court if the opposing party fails to plead or otherwise defend as required by law. FED.R.CIV.P. 55(a). Under Rule 55(a), a default must be entered before the Court may enter a default judgment. *See id.* As stated, the Clerk of the Court has entered default, and Plaintiffs now request that the Court enter a final default judgment against the Defendants.

Defendants, by failing to answer or otherwise respond to Plaintiffs' Complaint, have admitted the well-pleaded allegations of the Complaint and are precluded from contesting the established facts on appeal. *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir.1975) (citations omitted). Based on the well-pleaded allegations of Plaintiffs' Complaint, which the Court accepts as true, and the record in this action, the Court determines that Defendants have violated the provisions of the Copyright Act.

**C. Injunctive Relief**

Plaintiffs seek injunctive relief to prevent further copyright violations. The Court finds this is a case for injunctive relief. Section 502(a) provides that the Court may grant final injunctions "to prevent or restrain infringement of a copyright." 17 U.S.C. § 502(a). To obtain a permanent injunction, Plaintiffs must (1) succeed on the merits; (2) have no adequate remedy at law; (3) show

that the threatened injury outweighs any damage to the Defendants; and (4) demonstrate that the injunction will not disserve the public interest. *DSC Comms. Corp. v. DGI Tech., Inc.*, 81 F.3d 597, 600 (5th Cir.1996). In short, an injunction is appropriate if liability has been established and if there is a continuing threat of further infringement of Plaintiffs' copyrights. In this case, each of the factors weigh in favor of the Plaintiffs and against the Defendants. Upon due consideration, this Court will issue a permanent injunction requiring Defendants to refrain from specified conduct and to take specified action to ensure that their violations cease.

### D. Statutory Damages

Plaintiffs request an award of $3,000 for each of the ten copyright infringements alleged in the Complaint, for a total award of $30,000. The Copyright Act empowers Plaintiffs to elect to receive an award of statutory damages "in a sum of not less than $750 or more than $30,000" per infringement in lieu of an award representing the Plaintiffs' actual damages and the Defendants' profits. 17 U.S.C. § 504. This Court finds that Plaintiffs' request is reasonable in light of the circumstances of this case. Accordingly, Plaintiffs are entitled to statutory damages of $30,000 ($3,000 for each of the 10 acts of copyright infringement).

### E. Attorney's Fees and Costs

The Copyright Act expressly provides that the "court may also award a reasonable attorney's fee to the prevailing party." 17 U.S.C. § 505. "The Fifth Circuit has acknowledged that an award of attorneys' fees in copyright cases is within the discretion of the trial court, but has held that the award of attorneys' fees in copyright cases is the rule rather than the exception, and should be awarded routinely." *Compaq Computer Corp. v. Ergonome Inc.*, 387 F.3d 403, 411 (5th Cir.2004) (citing *Hogan Sys., Inc. v. Cybresource Int'l, Inc.*, 158 F.3d 319, 325 (5th Cir.1998)). Plaintiffs have

submitted a declaration for the amount of attorney's fees and costs incurred for them to prosecute this case.[3] Plaintiffs are therefore entitled to attorney's fees in the amount of $3,900.

The Copyright Act also expressly provides that the court "in its discretion may allow the recovery of full costs by or against any party." 17 U.S.C. § 505. Costs in this case are the filing fee of $450.[4] The Court finds that the declarations in the record show that the costs and fees incurred are reasonable under the circumstances of the case and awards Plaintiffs the full amount requested.

## F. Conclusion

For the foregoing reasons, Plaintiffs' motion for default judgment [Doc. 11] is hereby **GRANTED**.

**THUS DONE AND SIGNED**, this 19th day of May, 2014.

DONALD E. WALTER
UNITED STATES DISTRICT JUDGE

---

[3] Doc. 9-3 (Mark Balkin Declaration and accompanying time records).

[4] Doc. 9-1.